# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

HARRY B. BROWN

VERSUS

MARCELO OLVERA, OLVERA'S CONCRETE, INC.; OLVERA'S CONCRETE LOUISIANA, INC.; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY

**NOVEMBER 15, 2021**

---

In Re:   Endurance American Specialty Insurance Company, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 159979.

---

**BEFORE:   GUIDRY, McCLENDON, THERIOT, HESTER, AND BURRIS,[1] JJ.**

**WRIT GRANTED.**   The district court's February 1, 2021 judgment which denied the motion for summary judgment filed by defendant, Endurance American Specialty Insurance Company, is reversed.   We find that defendant, Endurance American Specialty Insurance Company, met its burden of proving the applicability of the automobile exclusion contained in its commercial general liability policy issued to Marcelo Olvera, who is the named insured.   The policy excludes coverage for bodily injury or property damage arising out of the ownership, maintenance, use or entrustment of any auto owned or operated by any insured. Marcelo Olvera, who was operating the automobile at the time, is the named insured in the policy.   Plaintiff failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that mover was not entitled to judgment as a matter of law.   Therefore, we find that the automobile exclusion in the policy issued by Endurance American Specialty Insurance Company applies and bars coverage for bodily injury or property damage arising out of the use of the automobile operated by Marcelo Olvera in the underlying automobile collision in this matter. **McQuirter v. Rotolo,** 2011-0188 (La. App. 1st Cir. 9/14/11), 77 So.3d 76, 83.   Accordingly, we grant the motion for summary judgment filed by defendant and dismiss plaintiff's claims against defendant, Endurance American Specialty Insurance Company.

**PMc**
**MRT**
**CHH**
**WJB**

**Guidry, J.,** dissents and would deny the writ application. I find, based upon the Declarations page of the commercial general liability policy issued by defendant, Endurance American Specialty Insurance Company, that defendant, Marcelo Olvera, the driver of the vehicle, was not a named insured in his individual capacity.   He does not qualify as an insured under the

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

Description of Business in the Declarations, which indicated that the "form of business" was an "organization, including a corporation (but not including a partnership, joint venture or limited liability company)." As an individual driving the vehicle, Olvera also does not qualify under Section II of the policy because he was not listed as a named insured in his individual capacity in the Declarations page. Further, under Section II, even if he would have qualified as a named insured in his individual capacity in the Declarations page, he and his spouse would be insured but only with respect to the conduct of a business of which he was the sole owner. I find the evidence submitted in connection with the motion for summary judgment clearly indicates that Marcelo Olvera was not the sole owner of his business. Section II of the policy further provides that if the named insured is an "organization other than a partnership, joint venture or limited liability company," coverage extends only to "executive officers" and directors with respect to their duties as officers or directors. The evidence indicates that Marcelo Olvera was not acting in his capacity as an executive officer for this business at the time of the accident. Accordingly, having found that Olvera in his individual capacity does not qualify as an insured under the policy, the exclusion relied upon by defendant, Endurance American Specialty Insurance Company, is not applicable, and therefore its motion for summary judgment was properly denied by the trial court.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT